UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
*In re:*

FRANCESCO FORTUNATO and
NEIDE JANE FORTUNATO,

                          Debtors.
-----------------------------------------------------------X

Chapter 11
Case No.: 12-44893-JF

**STIPULATION AND INTERIM
ORDER AUTHORIZING THE USE OF CASH COLLATERAL**

      **WHEREAS**, on July 3, 2012 (the "Filing Date"),Francesco Fortunato and Neide Jane Fortunato (the "Debtors"), filed a voluntary petition for relief from their creditors, pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), and

      **WHEREAS**, on July 20, 2012 the Debtors brought an application ("Application"), by Order to Show Cause, pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. 363(c)(2), seeking, inter alia, an order permitting Debtors to utilize cash collateral (the "Cash Collateral") with respect to which 179 Jackson Associates LLC, as assignee of First American International Bank ("Lender") asserts a first priority mortgage, lien and security interest, and scheduling interim and final hearings on the Debtors' request to use Cash Collateral; and

      **WHEREAS**, any opposition to the relief requested in the Application was required to be served on the Debtors' counsel and filed with the Court by July 25, 2012 by 5:00 p.m.; and

      **WHEREAS**, no opposition to the relief requested in the Application was received by Debtors' counsel or filed with the Court; and

      **WHEREAS**, Lender, asserts a first priority mortgage, lien and security interest on the property located at 179 Jackson Street, Brooklyn, New York (the "Property") including all pre-petition and post-petition rents, together with any other income, offspring, products, profits, receipts or revenues received by Debtors from the Property which constitute Cash Collateral of the Lender

within the meaning of Section 363(a) of the Bankruptcy Code; and

**WHEREAS**, the Lender has agreed, subject to the terms of this Stipulation and Order, to grant the Debtors temporary authority to use, commencing on the date hereof, the Cash Collateral as set forth in the budget annexed hereto as Exhibit "A" (the "Budget").; and

**WHEREAS**, the Debtors require the Cash Collateral for the operation of the Property and the ability to immediately use the Cash Collateral is necessary to avoid immediate and irreparable harm to the estate; and

**IT IS HEREBY STIPULATED, AGREED AND ORDERED, AS FOLLOWS:**

1. The Debtors are hereby authorized to utilize Cash Collateral solely in the amounts, and for the purposes, set forth in the Budget, on an interim basis, through and including August 28, 2012 (the "Interim Period") and shall not use, lease, sell or expend, directly or indirectly, the Property or any Cash Collateral, except expressly as provided for in the Budget and this Stipulation and Order.

2. With regard to such Budget, (i) the Debtors are granted a 10% per line item allowance for variance; (ii) the Debtors may carry over any unused portion of a line item to successive weeks and (iii) the Debtors may use any amount not used in a single line item in another item on its Budget; provided that any further variance from the Budget will be conditioned upon the prior written consent of the Lender.

3. To the extent of the diminution in value of the Lender's interests in its Cash Collateral, from and after the Petition Date, calculated in accordance with section 506(a) of the Bankruptcy Code, resulting from the use, sale or lease by the Debtors of the Cash Collateral, and the imposition or enforcement of the automatic stay under section 362(a) of the Bankruptcy Code during the term of this Stipulation and Order, Lender is hereby granted the following adequate protection:

    i. A security interest in the Cash Collateral collected subsequent to the Filing Date, to the same extent, and with the same validity and priority, as existed pre-petition, contingent upon Lender providing documentation evidencing that its security interest was properly perfected prior to the Filing Date and

      evidencing the true amount of its secured claim;

  ii. Replacement liens in the Debtor's post-petition assets, to the same extent, and with the same validity and priority as existed pre-petition; and

  iii. Commencing 30 days after the Petition Date , monthly adequate protection payments in the amount of $9,600. Said adequate protection constitutes principal and interest at the non-default rate. The acceptance by Lender of payments at the non-default interest rate under this Stipulation and Order shall not constitute a waiver of the Lender's right to receive interest payments of the default interest rate under any applicable agreement by and between Debtors and Lender, any applicable non-bankruptcy law, if applicable.

  4. The security interests and liens afforded to Lender, under this Stipulation and Order, shall be deemed created and perfected without the necessity of execution, filing or recording of any documents otherwise required under non-bankruptcy law for the creation or perfection of security interests and liens. Notwithstanding the foregoing, Debtor shall, upon the request of Lender, execute and deliver such documents as may reasonably be required by Lender to create and/or perfect the security interests and liens described herein, under applicable non-bankruptcy law, and Lender shall be authorized to file or record such documents as may be required to perfect such security interests and liens.

  5. Entry of this Stipulation and Order does not constitute a waiver by Lender of, and is without prejudice to, any and all rights, remedies, claims and causes of action that Lender may have against Debtors or third parties, and without prejudice to the rights of Lender to seek relief from the automatic stay in effect under section 362 of the Bankruptcy Code, or any other relief in this case and the right of the Debtors to oppose any such rights, remedies, claims, causes of action, and relief including the validity, priority and extent of the liens of Lender.

  6. Notwithstanding the foregoing, the Replacement Liens shall not attach to any avoidance actions including but not limited to those commenced pursuant to Sections 544, 547, 548, 549 and 550 of the Bankruptcy Code.

  7. This Order and the Budget shall constitute valid and binding rights and

obligations of the Debtors, enforceable by and against the Debtors in accordance with their respective terms. No obligation, payment, transfer or grant of security under this Order shall be stayed, restrained, voidable or recoverable under the Bankruptcy Code or any applicable non-bankruptcy law, or subject to any defense, reduction, setoff, recoupment or counterclaim, subject in each case to any modifications in the Final Order on the Application.

8. Immediately upon entry by the Court, the provisions of this Order shall become binding upon and inure to the benefit of the Debtors, the Lender, all other creditors of the Debtors, any committee appointed in this case and all other parties in interest in this case and their respective successors and assigns (including any estate representative, chapter 7 trustee or other trustee or fiduciary hereafter appointed as a legal representative of the Debtors or with respect to the property of the estate of the Debtors); and it is further

9. The provisions of this Order, including the grant of claims and liens to or for the benefit of the Lenders, and any actions taken pursuant to this Order, shall survive the entry of any order converting the case to a case under chapter 7 of the Bankruptcy Code.

10. To the extent not already provided for in this Order, the Debtors and their respective officers, employees and agents are hereby authorized and empowered to take such actions as are necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

12. The Entry of this Order does not constitute a waiver of the rights of any party in interest to contest the relief sought in the Motion, or contained in this Order, on a permanent basis.

13. This Stipulation and Order shall terminate by its own terms on August 28, 2012 , at 11:59 p.m., unless extended by written agreement between the parties or further order of

the Bankruptcy Court.

14. The Court shall retain jurisdiction over all matters arising from or relating to the implementation of this Order.

           BERKMAN, HENOCH, PETERSON, PEDDY
           & FENCHEL, P.C.
           Attorney for 179 Jackson Associates LLC
           100 Garden City Plaza
           Garden City, New York 11530

           By: */s/ Bruce D. Mael*
               Bruce D. Mael

           PRYOR & MANDELUP L.L.P.
           Attorneys for Debtors
           673 Old Country Road
           Westbury, New York 11590

           By: */s/ Anthony F. Giuliano*
               Anthony F. Giuliano



**Dated: Brooklyn, New York**             **Jerome Feller**
     **August 1, 2012**             **United States Bankruptcy Judge**